CHRISTOPHER B. KENNEDY *v.* LEANNA L. KENNEDY
(AC 25424)

Dranginis, Flynn and McLachlan, Js.

Argued January 20—officially released April 12, 2005

*Christopher B. Kennedy*, pro se, the appellant (plaintiff).

*Opinion*

PER CURIAM. The latest issue before us in this highly contentious, postdissolution child custody and visitation case[1] is whether the trial court abused its discretion in denying the motion for contempt, number 223 in the court file, filed by the plaintiff, Christopher B. Kennedy, which arose out of the alleged noncompliance by the

[1] This is one of five recent appeals involving these parties. See *Kennedy* v. *Kennedy*, 83 Conn. App. 106, 847 A.2d 1104, cert. denied, 270 Conn. 915, 853 A.2d 530 (2004). Two other appeals, AC 25220 and AC 25425, were dismissed as moot and another, AC 25802, is pending.

defendant, Leanna L. Kennedy, with the plaintiff's court-ordered visitation of the parties' children. We reverse in part the judgment of the trial court and remand the case for a new hearing on the motion.

A lengthy discussion of the case history is unnecessary given the limited issue before us. The defendant has sole custody of the parties' three children. The plaintiff has limited visitation rights. The parties have had numerous heated disagreements over the terms and scheduling of visitation, the police having been called on several occasions to settle disputes. In this case, the plaintiff filed several motions, including a motion for the recusal of the trial court judge and two motions for contempt due to the defendant's alleged interference with visitation.[2] The hearing on the motions consumed nearly an entire day of testimony. During the hearing, it became clear to the court that the parties offered differing views of the wishes of the children with respect to visitation with the plaintiff. The court, therefore, determined that it would appoint a guardian ad litem to represent the children. The court, however, decided the plaintiff's motion for contempt that is the subject of this appeal[3] without first hearing from the guardian ad litem. The plaintiff claims that it was an abuse of discretion for the court to do so, and we agree.

"A finding of contempt is a question of fact, and our standard of review is to determine whether the court abused its discretion in failing to find that the actions or inactions of the [party] were in contempt of a court order. To constitute contempt, a party's conduct must

---

[2] The record is inadequate to review the plaintiff's claim challenging the court's denial of his motion for recusal.

[3] The plaintiff at oral argument abandoned his claim that the court improperly denied his motion for contempt, number 222 in the court file, in connection with the defendant's alleged interference with vacation time he had claimed he was entitled to have with the children.

be wilful. . . . Noncompliance alone will not support a judgment of contempt. " (Internal quotation marks omitted.) *Behrns* v. *Behrns*, 80 Conn. App. 286, 289, 835 A.2d 68 (2003), cert. denied, 267 Conn. 914, 840 A.2d 1173 (2004).

A principal issue at the hearing on the motion for contempt was whether the defendant reasonably refused to comply with the court's visitation orders because the children did not want to visit with the plaintiff. The court did not hear from the unrepresented children regarding whether the defendant kept them from seeing the plaintiff or if the children for good reason refused to visit. Despite its express wish to hear the children's views, the court did not wait to do so. For that reason, a new hearing on the plaintiff's motion is warranted.[4]

The judgment is reversed only as to the denial of the plaintiff's motion for contempt, number 223, and the case is remanded for a new hearing on that motion. The judgment is affirmed in all other respects.

---

[4] This is not the first time that we have expressed our concern regarding the lack of independent counsel for the parties' children in this matter. In *Kennedy* v. *Kennedy*, 83 Conn. App. 106, 114 n.8, 847 A.2d 1104, cert. denied, 270 Conn. 915, 853 A.2d 530 (2004), we stated: "We note that a matter of concern to this court is the absence of independent counsel acting on behalf of the minor children in what was clearly an embattled custody dispute. The purpose of appointing counsel for a minor child in a [custody matter] is to ensure independent representation of the child's interest and such representation must be entrusted to the professional judgment of appointed counsel within the usual constraints applicable to such representation. . . . Whenever child custody is seriously contested, it is preferable to appoint independent counsel." (Internal quotation marks omitted.) That opinion was published after the hearing that is the subject of this appeal, but our concern remains the same.