For the reasons stated, I respectfully dissent.

## STATE OF CONNECTICUT v. DAJSHON MONK
### (AC 25041)

Foti, Dranginis and Bishop, Js.

Argued January 7—officially released April 19, 2005

*Anthony R. Minchella,* special public defender, for the appellant (defendant).

*Proloy K. Das,* deputy assistant state's attorney, with whom, on the brief, were *David Shepack,* state's attorney, and *Dawn M. Gallo,* assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. This appeal arises from the judgments of conviction, following the guilty pleas by the defendant, Dajshon Monk, under the *Alford* doctrine,[1] to one count of assault in the second degree in violation of General Statutes § 53a-60 and two counts of burglary in the third degree in violation of General Statutes § 53a-103. The defendant claims that the trial court violated his due process right to a fair trial because (1) he did not knowingly and voluntarily plead guilty, and (2) the court accepted his pleas without ordering, on its own motion, an evidentiary hearing concerning his competence. As to the first issue, the defendant asserts that the court's plea canvass was flawed because the court did not make sufficient inquiry to determine that he was competent to plead guilty and did not explain adequately the intent elements of the crimes to which he pleaded guilty. As to the second issue, the defendant claims that the court had before it sufficient evidence to establish a reasonable doubt that he was competent to plead guilty. We affirm the judgments of the trial court.

[1] See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "The *Alford* doctrine allows a defendant to plead guilty without admitting guilt. In pleading guilty, however, the defendant acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Boscarino,* 86 Conn. App. 447, 451 n.4, 861 A.2d 579 (2004).

The following facts and procedural history are pertinent to our review of the defendant's appeal. Originally, the defendant was charged with committing multiple crimes relating to seven separate incidents occurring from February, 2002, through October, 2003. On July 24, 2003, the defendant entered pleas of guilty under the doctrine of *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to one count of assault in the second degree in violation of § 53a-60 and two counts of burglary in the third degree in violation of § 53a-103.

Before accepting the defendant's pleas, the court conducted a canvass to determine whether the defendant's pleas were knowing, voluntary and intelligent. The transcript of the plea canvass reveals that the defendant answered all of the court's questions with replies that were appropriate and responsive to the questions posed to him. Most notably, the court asked the defendant whether he had sufficient time to discuss the case with his attorney, whether he discussed with his attorney the nature and elements of the offenses or what the state would have to prove if he did elect to go to trial, and whether he was satisfied with his trial attorney's representation. Before accepting the pleas, the court also specifically asked the prosecutor and counsel for the defendant whether they knew of any reason why the pleas should not be accepted. Significantly, neither counsel raised any objection to the plea canvass or any concern regarding the defendant's competence to go forward with the pleas. The court accepted the defendant's guilty pleas to each count and sentenced the defendant in accordance with the parties' agreement to five years incarceration, execution suspended after thirty months, with five years probation with special conditions. The state thereafter entered a nolle prosequi with respect to the other pending charges against the

defendant. At no time did the defendant move the court to withdraw his pleas of guilty. This appeal followed.

I

The defendant claims first that the court improperly found that his guilty pleas were voluntary because the court did not inquire sufficiently, during the plea canvass, into his mental capacity to enter the pleas. Specifically, he contends that the routine canvass and the one word answers the court elicited from him when inquiring into the voluntariness of his pleas did not constitute a sufficient inquiry to determine whether he was mentally competent to enter guilty pleas. The defendant maintains that in light of various references to his mental health status made in prior pretrial proceedings, of which the court was aware,[2] the court should have inquired more deeply into his mental capacity during the plea canvass. The defendant additionally claims that the court did not explain adequately the intent element of the crimes charged. We disagree.

At the outset, we note that the defendant failed to file a motion to withdraw his pleas. He raises the issue of the adequacy of the plea canvass for the first time on appeal. Accordingly, he seeks review of his unpreserved claims pursuant to State v. Golding, 213 Conn. 233, 567 A.2d 823 (1989). In Golding, our Supreme Court held

[2] For example, the defendant cites several pretrial appearances before the sentencing court in support of his argument that issues of his mental and emotional health were pervasive. The defendant, inter alia, cites an April 3, 2002 appearance in which the prosecutor commented that the defendant was not "psychologically mature," a September 12, 2002 appearance in which the court expressed concern about the defendant's "mentioned behaviors that are associated with [attention deficit hyperactivity disorder]," and a November 11, 2002 appearance in which the court referenced the defendant's diagnoses of "bipolarism, attention deficit disorder and [o]ppositional disorder." The defendant also cites a psychological report, which was presented to the court during a bond reduction hearing on April 15, 2003, and was prepared by Mark E. Kaplan, a psychologist, who evaluated the defendant.

that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) Id., 239–40. We may, therefore, respond to the defendant's claim by focusing on whichever factor is most relevant. See id., 240.

We review the defendant's claim under *Golding* because the record is adequate to do so, and the defendant has alleged a claim of constitutional magnitude by asserting that the court's allegedly insufficient plea canvass deprived him of his due process right to a fair trial. We conclude, however, that the defendant was not deprived of a fair trial because, by way of the plea canvass, the court adequately determined that his pleas were entered knowingly, voluntarily and intelligently. The defendant's claim, therefore, fails under the third prong of *Golding*.

"As a matter of constitutional law, it is undisputed that the guilty plea and subsequent conviction of an accused person who is not legally competent to stand trial violates the due process of law guaranteed by the state and federal constitutions. Conn. Const., art. I, § 8; U.S. Const., amend. XIV, § 1; see *Pate* v. *Robinson*, 383 U.S. 375, 378, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966). . . . This constitutional mandate is codified in our state law by [General Statutes] § 54-56d (a), which provides that [a] defendant shall not be tried, convicted or sentenced while he is not competent. For the purposes of

this section, a defendant is not competent if he is unable to understand the proceedings against him or to assist in his own defense." (Citation omitted; internal quotation marks omitted.) *State* v. *Mordasky*, 84 Conn. App. 436, 443–44, 853 A.2d 626 (2004). General Statutes § 54-56d (b), however, posits a presumption in favor of a defendant's competence. See *State* v. *Johnson*, 253 Conn. 1, 24–25, 751 A.2d 298 (2000).

Additionally, "[c]ompetence to stand trial . . . is not defined in terms of mental illness. . . . An accused may be suffering from a mental illness and nonetheless be able to understand the charges against him and to assist in his own defense . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Mordasky*, supra, 84 Conn. App. 446. The test for determining competence focuses on "whether [the defendant] has sufficient *present ability* to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." (Emphasis in original; internal quotation marks omitted.) Id.

In this case, the court inquired into the defendant's understanding of his rights as required by Practice Book § 39-19 and, in response, the defendant gave lucid and logical answers to the court's questions. Neither his responses nor his behavior during the plea canvass indicated an inappropriate mental health status. We note, too, that the defendant's one word responses do not indicate that he entered his guilty pleas involuntarily or unknowingly. "Although some form of meaningful dialogue is preferable to monosyllabic responses by the defendant, [our Supreme Court has] never held that single-word responses require an automatic vacation of a guilty plea." *State* v. *Torres*, 182 Conn. 176, 179–80, 438 A.2d 46 (1980).

Also in support of his claim that the plea canvass was not adequate, the defendant cites a report prepared

by Mark E. Kaplan, a psychologist, that allegedly indicates that the defendant had an intelligence quotient in the "upper range" of the "[b]orderline [r]ange of cognitive functioning" and had "difficulty organizing his thinking and making good judgments when attempting to assess situations." Although that report was previously presented to the court during a bond reduction hearing, it was not before the court on the day of the plea canvass and sentencing. "[T]he trial court was entitled to rely on its own observations of the defendant's responses during the canvassing, in light of his demeanor, tone, attitude and other expressive characteristics. . . . The trial court was in the best position to assess whether the defendant behaved rationally at that time." (Internal quotation marks omitted.) *State* v. *Silva*, 65 Conn. App. 234, 250, 783 A.2d 7, cert. denied, 258 Conn. 929, 783 A.2d 1031 (2001). Additionally, even if the court had been cognizant of the Kaplan report during the plea canvass, the report does not support the defendant's claim that the court's canvass was deficient or the defendant's present assertion that he did not understand the proceedings against him. To the contrary, the Kaplan report corroborates the defendant's competence. The report states that the defendant "generally has a basic understanding of his current situation" and that "[w]hen he is provided structure and direction, he seems to be able to understand what is expected of him and follow through fairly effectively."

The fact that the defendant's counsel did not request a competency hearing is an indicator of the defendant's competency to plead guilty. On appeal, defense counsel has not indicated the specific manner in which the defendant's alleged mental infirmity interfered with the ability to comprehend the proceedings and to enter guilty pleas voluntarily. The various references in pretrial proceedings to the defendant's mental health status

are, in the main, conclusory, vague and oblique. They do not demonstrate that the defendant did not have the present ability to assist in his defense or to consult with counsel. The court's participation in those prior proceedings also did not suffice to put the court on notice to conduct, sua sponte, a more searching inquiry into the defendant's competence to enter guilty pleas.

The defendant claims, additionally, that the canvass was flawed because the court did not explain adequately the intent element of the offenses to which he pleaded guilty. We are unpersuaded. The court canvassed the defendant in accordance with Practice Book §§ 39-19 through 39-21. This court has held that "Practice Book §§ 39-19[3] and 39-20[4] provide adequate safeguards to ensure that a defendant's plea is made in both a knowing and voluntary manner." *State* v. *Benitez*, 67 Conn. App. 36, 43, 786 A.2d 520 (2001), cert. denied,

[3] Practice Book § 39-19 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

[4] Practice Book § 39-20 provides: "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his or her counsel."

259 Conn. 922, 792 A.2d 855 (2002). "Our Supreme Court has stated that a court may validate a guilty plea with substantial, rather than literal, compliance with those sections of the rules of practice." Id.

The defendant's responses to the court's inquiries disclosed that he had discussed the plea agreement with his attorney, and that he understood the nature and elements of the charges against him. The defendant indicated that he was satisfied with the advice, assistance and representation afforded him by his attorney and indicated that the facts underlying the charges against him were correct. It is well established that "[a] trial court may properly rely on . . . the responses of the [defendant] at the time [she] responded to the trial court's plea canvass . . . ." (Internal quotation marks omitted.) *State* v. *Casado,* 42 Conn. App. 371, 377, 680 A.2d 981, cert. denied, 239 Conn. 920, 682 A.2d 1006 (1996). Counsel, moreover, admitted that he had discussed with the defendant all of the elements of the crimes charged, including the intent element, as well as the effect of the guilty pleas, and counsel stated that he knew of no reason why the defendant's pleas of guilty should not be accepted.

In sum, a fair reading of the record discloses that the defendant understood the implications of his pleas, received the advice and assistance of counsel in preparing to plead, and entered guilty pleas intelligently, knowingly and voluntarily following an adequate and appropriate plea canvass. Because the defendant cannot establish that the plea canvass was constitutionally defective, his claim does not survive *Golding*'s third prong.

## II

We next address the defendant's claim that the court violated his due process right to a fair trial because it accepted his *Alford* pleas without ordering, sua sponte,

a competency examination. In the defendant's view, the court had before it substantial evidence establishing a reasonable doubt that he was competent to plead guilty. Because the defendant has failed to preserve that issue, we decline to afford it review.

To preserve a claim about the validity of a plea, "a defendant . . . should move to withdraw his guilty plea or file a postsentence motion with the trial court." *State* v. *Mordasky*, supra, 84 Conn. App. 442–43. In this case, the defendant did not raise the issue of competency at the time of the pleas, but raises it for the first time on appeal. At no point did the defendant move for a competency evaluation pursuant to § 54-56d, nor did he move to withdraw his pleas or to correct an illegal sentence. At the plea hearing, defense counsel made no suggestion that the defendant was incompetent, and therefore, unable to assist counsel.[5] Additionally, the state did not raise any concerns about the defendant's ability to understand the proceedings. Therefore, the defendant's present claim that the court should have conducted, sua sponte, a competency examination is unpreserved.

"When a party raises a claim for the first time on appeal, our review of the claim is limited to review under either the plain error doctrine as provided by Practice Book § 60-5, or the doctrine set forth in *State* v. *Golding*, [supra, 213 Conn. 239–40]." *State* v. *Rodriguez*, 68 Conn. App. 303, 308, 791 A.2d 621, cert. denied, 260 Conn. 920, 797 A.2d 518 (2002). In his appellate

---

[5] We note, generally, that in a criminal proceeding, a defendant is presumed to be competent. General Statutes § 54-56d (b) provides in relevant part: "A defendant is presumed to be competent. The burden of proving that the defendant is not competent by a preponderance of the evidence and the burden of going forward with the evidence are on the party raising the issue. . . ." Although the statute also provides that the court may, sua sponte, order a competency examination, nowhere does the statute impose an affirmative obligation on the court to initiate such an inquiry in the absence of its determination that the defendant appears incompetent.

brief, the defendant has not sought review of this particular claim under either of those doctrines. As this court has previously noted, " 'it is not appropriate to engage in a level of review that is not requested.' " Id. Accordingly, we decline to review this unpreserved claim of error.

The judgments are affirmed.

In this opinion the other judges concurred.