## JOSEPH IRIZARRY *v.* ADRIANA IRIZARRY
### (AC 25364)

Bishop, DiPentima and Hennessy, Js.

Submitted on briefs April 19—officially released July 19, 2005

*Heather M. Brown* and *Andrew J. Soltes, Jr.*, filed a brief for the appellant (plaintiff).

*Opinion*

BISHOP, J. This appeal arises from a postdissolution judgment order rendered by the trial court. On appeal, the plaintiff, Joseph Irizarry, claims that (1) § 46b-215a-2a (e) of the Regulations of Connecticut State Agencies violates article first, § 20, of the constitution of Connecticut and (2) the court's finding of child care costs was not supported by the evidence.[1] We agree with the plaintiff with regard to his second claim and reverse in part the judgment of the trial court.

The following facts are relevant to the review of the plaintiff's appeal. The plaintiff and the defendant, Adriana Irizarry, were married on April 9, 1994, and had one child who was born on July 26, 1994. On July 3, 1996, the marriage was dissolved. On November 6, 2000, the court ordered the plaintiff to pay the defendant $104 per week in child support. The plaintiff also is legally responsible for the support of three additional children. One child was born as a result of a relationship prior to the marriage of the parties. Additionally, the plaintiff remarried following the end of the parties' marriage and had two children from that union.

On December 31, 2003, the plaintiff filed a motion for modification of the child support order on the basis of his claim that his earnings had diminished. On March 10, 2004, the court held a hearing on the motion for modification and, by memorandum of decision filed March 11, 2004, reduced the plaintiff's obligation for

---

[1] Although not set forth as a separate claim, the plaintiff also asserts, as part of his second issue, that the court improperly found a fixed sum of nonreimbursed child care costs, as opposed to a decimal share of the combined adjusted net disposable income for any qualified child care costs as they are incurred. Because we reverse the court's finding of child care costs on the basis of insufficient evidence, we do not reach that claim.

child support to $80 per week. At that hearing, the plaintiff also asserted that he was entitled to claim his three children, who were not the issue of his marriage to the defendant, as "qualified" children and, therefore, that he was entitled to receive a deduction from his gross income in determining his child support obligation to the defendant. The court disagreed and held that the plaintiff was not entitled to the relief requested as to his two children who are the issue of his current marriage because the credit can be applied only when an initial child support award is being established or a parent is defending against a proposed modification of an existing child support award. See Regs., Conn. State Agencies § 46b-215a-2a (e) (1) (B). The court did award a credit for the child born prior to the plaintiff's marriage to the defendant. The court ordered the plaintiff to pay the following: basic child support in the amount of $69 per week and 26.69 percent of the child care costs of $180 per month, which amounted to $11 per week. As a result, the plaintiff's child support obligation totaled $80 per week. The plaintiff filed a motion to correct the memorandum of decision regarding his motion for modification on March 17, 2004. After a hearing on March 25, 2004, the court denied the plaintiff's motion to correct. The plaintiff filed a motion for articulation on March 26, 2004, which was also denied. This appeal followed.

I

We first address the plaintiff's claim that § 46b-215a-2a (e) of the Regulations of Connecticut State Agencies violates article first, § 20, of the constitution of Connecticut. The child support guidelines provide, in relevant part, that in determining a child support order, parents are entitled to a deduction from their gross income in the amount of an imputed support obligation for a qualified child. Regs., Conn. State Agencies § 46b-215a-2a (e) (1). The guidelines limit the reduction for a quali-

fied child to two circumstances: (1) when an initial support award is being established or (2) when a parent is defending against a proposed upward modification of support. Regs., Conn. State Agencies § 46b-215a-2a (e) (1) (B). The plaintiff contends that by limiting the applicability of the statute to those two circumstances, the regulation treats qualified children differently depending on the underlying action and, therefore, the regulation is discriminatory. The plaintiff maintains that because the amount of support is not based on the ability of the parent to pay but rather on which family the child was born into and the sequence of the birth, it should be invalidated as against public policy and as a violation of article first, § 20, of the constitution of Connecticut.

That claim was not preserved for appellate review because the plaintiff failed to make the claim to the trial court. "When a party raises a claim for the first time on appeal, our review of the claim is limited to review under either the plain error doctrine as provided by Practice Book § 60-5, or the doctrine set forth in *State* v. *Golding*, [213 Conn. 233, 239–40, 567 A.2d 823 (1989)]." (Internal quotation marks omitted.) *State* v. *Monk*, 88 Conn. App. 543, 553, 869 A.2d 1281 (2005). In his appellate brief, however, the plaintiff has not sought review under either of those doctrines. As this court has previously noted, "it is not appropriate to engage in a level of review that is not requested." (Internal quotation marks omitted.) Id., 554. Accordingly, we decline to review that unpreserved claim of error.

II

The plaintiff also claims that the court's finding, pursuant to § 46b-215a-2a (h) (2) (A) of the Regulations of Connecticut State Agencies, that the weekly child care costs amounted to $180 a month, was not supported by the evidence. Specifically, the plaintiff claims that

the court improperly relied on representations of the defendant's counsel, in lieu of evidence, as the basis for its conclusion and that in the absence of those representations, the record is devoid of any evidence of the cost of child care. We agree.

The following additional facts are pertinent to the review of the plaintiff's claim. In response to the motion for modification, both the plaintiff and the defendant submitted updated financial affidavits to the court. The defendant's financial affidavit did not list any cost for child care. During the hearing on the motion for modification, the court solicited from counsel for the defendant information regarding the cost of the child care payments. Counsel for the defendant represented to the court that the cost of child care was $180 per month. The plaintiff did not object to that representation. The defendant did not testify regarding the cost of child care, and counsel for the plaintiff did not cross-examine the defendant regarding child care costs. The defendant did not provide any documentary evidence regarding the cost of child care.

"The standard of review in family matters is that this court will not disturb the trial court's orders unless it has abused its legal discretion or its findings have no reasonable basis in fact. . . . [T]he factual findings of a trial court on any issue are reversible only if they are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Pagliaro* v. *Jones*, 75 Conn. App. 625, 640–41, 817 A.2d 756 (2003).

The court's determination of child care costs must be based on evidence. In the present matter, no evidence

of the cost of child care was presented. Although the defendant testified, she did not testify regarding her child care expenses. Furthermore, the defendant's financial affidavit did not note any expense for child care. The court based its finding solely on the representation by the defendant's counsel that the cost of child care amounted to $180 per month. That statement, however, does not constitute evidence. Our Supreme Court and this court have repeatedly held that representations of counsel are not evidence. *Prial* v. *Prial*, 67 Conn. App. 7, 14, 787 A.2d 50 (2001) (statement by counsel not regarded as evidence, does not establish facts); *Tevolini* v. *Tevolini*, 66 Conn. App. 16, 26, 783 A.2d 1157 (2001) ("representations of counsel are not, legally speaking, evidence" [internal quotation marks omitted]); see also *State* v. *Duntz*, 223 Conn. 207, 236, 613 A.2d 224 (1992) (statements made by attorneys not facts in evidence, finder of fact may not properly consider them as evidence); *Cologne* v. *Westfarms Associates*, 197 Conn. 141, 154, 496 A.2d 476 (1985); *Constantine* v. *Schneider*, 49 Conn. App. 378, 397, 715 A.2d 772 (1998) ("[r]epresentations by counsel are not evidence upon which an appellate court can rely when reviewing the findings of the trial court" [internal quotation marks omitted]; *State* v. *Carsetti*, 12 Conn. App. 375, 379, 530 A.2d 1095 (same), cert. denied, 205 Conn. 809, 532 A.2d 77 (1987). Therefore, the law is clear that attorneys' representations are no substitute for evidence.[2] It was

---

[2] We are aware of the practical difficulties inherent in short calendar hearings. Nevertheless, the press of court business does not justify overriding the requirement that factual determinations must be made on an evidentiary basis unless the parties have stipulated to the facts.

We are mindful that the court, in its memorandum of decision, stated that the parties stipulated to the fact that the child care expenses amounted to $180 per month. Although the record reveals that the parties stipulated to certain facts, there is no evidence in the record that the parties stipulated to the amount of child care costs. As noted, a representation by one attorney coupled with silence from opposing counsel, cannot be equated with a stipulation. See, e.g., *In re Morris Metal Products Corp.*, 4 F.2d 1003, 1004 (2d Cir. 1924), cert. denied sub nom. *Reich* v. *McNeil*, 267 U.S. 601, 45 S. Ct. 355, 69 L. Ed. 808 (1925).

the defendant's burden to provide some evidence of her claimed cost of child care. That she did not do. Absent such proof, the court was without any basis to support its finding of the child care expenses. The court's finding regarding child care costs is, therefore, clearly erroneous.

The judgment is reversed only as to the order regarding child care costs and the case is remanded for further proceedings to determine, consistent with this opinion, the child care costs, if any, that the defendant may recover from the plaintiff. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.