# STEPHANIE M. ADAMS *v.* BOBBIE L. ADAMS
## (AC 26445)

Dranginis, DiPentima and Harper, Js.

Argued December 5, 2005—officially released January 31, 2006

*Bobbie L. Adams*, pro se, the appellant (defendant).

*Peter W. Rotella*, for the appellee (defendant).

*Opinion*

HARPER, J. This appeal arises out of a dissolution of marriage action between the plaintiff, Stephanie M. Adams, and the defendant, Bobbie L. Adams.[1] The defendant challenges the trial court's judgment that, among other things, dissolved the marriage and divided the parties' marital assets. The defendant also challenges the court's rulings on two postjudgment motions for contempt. The defendant claims that (1) the court improperly denied his motion for a change of venue, (2) several of the court's factual findings were unsupported by the evidence, (3) the court deprived him of his right to counsel during a hearing on a postjudgment motion for contempt, (4) the court improperly ruled in the plaintiff's favor on the plaintiff's motion for contempt and (5) the court improperly ruled in the plaintiff's favor on the defendant's motion for contempt. We affirm the judgment of the trial court.

---

[1] In this appeal, the defendant appears pro se.

The parties were married in January, 2001, and there are no minor children issue of the marriage. In August, 2003, the plaintiff commenced an action seeking dissolution of the marriage. Both parties agreed that the marriage should be dissolved on the ground of irretrievable breakdown and asked the court for an equitable division of the marital assets. The court held an evidentiary hearing and, in November, 2004, rendered judgment dissolving the parties' marriage and distributing the marital assets. Additional relevant facts and procedural history will be set forth as necessary.

I

The defendant first claims that the court improperly denied his motion for a change of venue. The record is inadequate to review his claim.

The plaintiff brought the present action in the Superior Court in the judicial district of New London. The record reflects that on October 7, 2004, the defendant filed a motion for a change of venue. The defendant asserted therein that "[t]he matter and judges involved in this case are part of a civil rights complaint in federal court . . . ."[2] The defendant further asserted that "the judges involved in this matter have been so bias[ed] and racially and sexually prejudiced to his interest that a fair trial by an impartial and unprejudiced judge cannot be had in New London County."

The record reflects that on October 7, 2004, the court asked the defendant if he wanted to be heard on his motion. The defendant declined the invitation to

[2] The defendant attached to his motion a photocopy of a complaint that, according to the defendant, he filed in the United States District Court for the District of Connecticut. Among the defendants allegedly named in that action, based on the claimed deprivation of the defendant's civil rights, were two judges of the Superior Court, *Domnarski, J.,* and *Hadden, J.* The record reflects that prior to October 7, 2004, both Judge Domnarski and Judge Hadden had issued rulings adverse to the defendant in pretrial matters related to this case.

address the court with regard to his motion, except to inform the court that he had learned that the court had denied the motion. The court informed the defendant that the motion was denied. The defendant argues on appeal that the court's denial of his motion was improper because it reflects "racial discrimination" against him. The defendant apparently argues that the court's subsequent factual findings in its memorandum of decision reflect this discrimination.

"Any cause, or the trial of any issue therein, may be transferred from a judicial district court location to any other judicial district court location . . . by order of a judicial authority . . . upon its own motion or upon the granting of a motion of any of the parties . . . ." Practice Book § 12-1; see also General Statutes § 51-347a (a) (transfer of civil jury causes). In the context of criminal actions, a defendant requesting a change of venue bears the burden of showing that, absent a change in venue, he could not receive a fair and impartial trial. *State* v. *Reynolds*, 264 Conn. 1, 222, 836 A.2d 224 (2003), cert. denied, 541 U.S. 908, 124 S. Ct. 1614, 158 L. Ed. 2d 254 (2004). A trial court exercises broad discretion in considering such a motion, but appellate review of the denial of a motion for a change of venue requires an independent review of all of the circumstances on which the motion was based. *State* v. *Vitale*, 190 Conn. 219, 227, 460 A.2d 961 (1983). Those principles apply, with at least equal force, to the defendant's request for a change of venue in his divorce proceeding.

The defendant's motion for a change of venue set forth a wholly unsupported accusation against the judiciary of the judicial district of New London. The defendant's motion was based on his bare assertion that he could not receive a fair and impartial trial before a judge in the judicial district of New London. When afforded an opportunity to be heard on his motion, the defendant declined to address the court. The court was not pro-

vided with evidence in support of the motion, nor was it asked to make any findings of fact in support of the motion. Accordingly, the record is inadequate to review his claim.

## II

The defendant also challenges nine of the factual findings set forth in the court's memorandum of decision. For the most part, these findings are related to the financial circumstances of the parties before and during their marriage.

"As a reviewing court, we may not retry the case or pass on the credibility of witnesses. . . . Our review of factual determinations is limited to whether those findings are clearly erroneous. . . . We must defer to the trier of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor and attitude. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citation omitted; internal quotation marks omitted.) *Berry* v. *Berry*, 88 Conn. App. 674, 679, 870 A.2d 1161 (2005).

We have reviewed each of the factual issues raised by the defendant. It would serve no useful purpose for us to recite them here. We are convinced that these issues merely reflect the defendant's dissatisfaction with the fact that the court did not accept as true his testimony and interpretation of the evidence. "In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony and, therefore, is free to accept or reject, in whole or in part, the testimony offered by either party." (Internal quotation marks omitted.)

*DiVito* v. *DiVito*, 77 Conn. App. 124, 138, 822 A.2d 294, cert. denied, 264 Conn. 921, 828 A.2d 617 (2003). The evidence as well as the rational inferences drawn therefrom amply support the findings challenged by the defendant.

## III

The defendant next claims that the court deprived him of his right to counsel during a hearing on a postjudgment motion for contempt. We disagree.

On January 31, 2005, the plaintiff filed a postjudgment motion for contempt against the defendant. The plaintiff alleged that the defendant had violated one of the dissolution orders in that he failed to pay loan payments and applicable taxes on an automobile that was transferred to him in the dissolution action. On February 22, 2005, the court appointed attorney Robert W. Clark to represent the defendant with regard to this motion.

On March 21, 2005, the court conducted a hearing on the plaintiff's motion for contempt, as well as on a motion for contempt filed by the defendant. Clark represented the defendant at the hearing. During Clark's examination of the defendant, the defendant indicated that Clark was not representing him because Clark was "interrogating [him] for [the plaintiff's] lawyer" and had proposed a settlement of the dispute that the defendant found to be unacceptable. The court informed the defendant that it would hear his complaints at a later time. At the conclusion of the hearing, the court granted the plaintiff's motion for contempt and denied the defendant's motion for contempt.

The court also noted that Clark had filed a motion to withdraw on February 25, 2005. Clark represented in his motion that during his representation of the defendant with regard to the plaintiff's motion for contempt, the defendant had expressed his dissatisfaction with

Clark, made derogatory remarks to Clark and indicated that he did not want Clark to represent him. The court informed the defendant that Clark's representation was important to protect his rights, especially because the court could impose a sentence of incarceration. At the conclusion of the hearing on the contempt motions, the court granted Clark's motion to withdraw.

The defendant claims that the court deprived him of representation at the hearing. The defendant apparently bases his claim on the fact that at the conclusion of the hearing, the court granted Clark's motion to withdraw. Despite the defendant's complaints concerning Clark, there is no record that Clark's representation was deficient in any manner. That issue is not before us. To the extent that the defendant claims that the court, to any degree, deprived him of representation at the hearing on the plaintiff's motion for contempt, the claim finds no support in the record. The record reflects that at the court's insistence, the defendant was represented at the hearing. Accordingly, his claim fails.

## IV

The defendant next claims that the court improperly ruled in the plaintiff's favor on the plaintiff's motion for contempt. We disagree.

As stated previously, the court granted the plaintiff's postjudgment motion for contempt. The court awarded the plaintiff $1524.58 in damages and $250 in attorney's fees. In its dissolution orders, the court had ordered the plaintiff to transfer ownership of an automobile to the defendant and had ordered the defendant to "be responsible for any debt associated with said automobile, as well as insurance and property taxes on said automobile . . . ." At the hearing on the plaintiff's motion for contempt, the plaintiff's attorney represented that after the court's dissolution orders were rendered, the plaintiff paid the remaining loan pay-

ments, totaling $1524.58, for the automobile. The plaintiff's attorney also represented that prior to the hearing, the plaintiff had been willing to agree to waive her right to receive payment from the defendant if the defendant merely would remove the automobile from the plaintiff's property. The plaintiff's attorney represented that the plaintiff was seeking reimbursement of the $1524.58 that she paid for the automobile.

The defendant testified at the hearing that he had, in fact, been unwilling to take possession of the automobile for a variety of reasons. He testified that he did not comply with the court's order to make the payments at issue because he disagreed that he should pay any debts or taxes associated with the automobile. The court found that the defendant violated a clear court order by failing to make the payments as required.

A finding of contempt implicates the court's fact-finding authority as well as its discretion. *Kennedy* v. *Kennedy*, 88 Conn. App. 442, 443, 869 A.2d 1252, cert. denied, 275 Conn. 902, 882 A.2d 671 (2005). The court's finding of contempt and its award of damages are supported by the evidence and reflect a sound exercise of discretion. The fact that the plaintiff offered to settle the dispute that formed the basis of her motion for contempt did not deprive the plaintiff thereafter of her right to enforce the court's dissolution order and to seek any damages to which she was entitled as a result of the defendant's conduct.

V

Finally, the defendant claims that the court improperly ruled in the plaintiff's favor on his motion for contempt. We disagree.

On January 20, 2005, the defendant filed a postjudgment motion for contempt against the plaintiff. The defendant represented that the plaintiff had failed to

comply with one of the dissolution orders in that she failed to transfer ownership of an automobile to him.

One of the court's dissolution orders required the plaintiff to transfer "any and all right, title and interest" in a certain automobile to the defendant. At the hearing on the defendant's motion, the plaintiff's attorney represented that the plaintiff repeatedly had attempted to transfer possession of the automobile to the defendant, but that the defendant was uncooperative or unwilling to take possession of the automobile, which was parked on the plaintiff's property. The plaintiff's attorney further represented that the plaintiff was prepared to deliver the title to the automobile to the defendant and that the plaintiff had indicated to the defendant that she was willing to bear the burden of having the automobile towed to the defendant's property, if the defendant so desired. In his testimony at the hearing, the defendant did not contradict these representations. The defendant testified that he had rejected the plaintiff's attempts to deliver the automobile to him and that he would take possession of the automobile only if it was in proper working condition. The court thereafter denied the defendant's motion for contempt and ordered the plaintiff to have the automobile towed to the defendant's residence.

"A finding of contempt is a question of fact, and our standard of review is to determine whether the court abused its discretion in failing to find that the actions or inactions of the [party] were in contempt of a court order. To constitute contempt, a party's conduct must be wilful. . . . Noncompliance alone will not support a judgment of contempt." (Internal quotation marks omitted.) Id., 443–44. The evidence before the court established that the defendant prevented the plaintiff from complying with the court's dissolution order; the plaintiff did not disobey the court's order wilfully, but

made reasonable efforts to comply with it. On this record, we do not conclude that the court's denial of the defendant's motion reflected an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.