JANET S. BAKER *v.* JAMES S. BAKER
(AC 26042)

Schaller, DiPentima and Rogers, Js.

Argued March 24—officially released June 6, 2006

*Edward N. Lerner*, with whom, on the brief, was *George K. Guarino*, for the appellant (defendant).

*Andrew P. Nemiroff*, with whom, on the brief, was *Eric R. Posmantier*, for the appellee (plaintiff).

*Opinion*

ROGERS, J. The defendant, James S. Baker, appeals from the judgment of the trial court holding him in contempt for his failure to comply with the court's pendente lite order requiring him to pay child support and alimony to the plaintiff, Janet S. Baker.[1] He claims on appeal that the court (1) abused its discretion in holding him in contempt and (2) improperly failed to notify him that his counsel had a conflict of interest in regard to the contempt proceedings. We disagree with the defendant's first claim and decline to review his second claim because it has not been sufficiently

---

[1] "[A] trial court ruling on a motion for contempt in a marital dissolution action is a final judgment for purposes of appeal." *Ahneman* v. *Ahneman*, 243 Conn. 471, 479, 706 A.2d 960 (1998).

briefed. Accordingly, we affirm the judgment of the trial court.

The following procedural history is relevant. The parties were married on April 29, 1989, and have one minor child together. On June 14, 2004, the plaintiff filed a complaint seeking dissolution of the marriage. On July 7, 2004, she filed a motion for alimony and child support pendente lite and, on July 27, 2004, the defendant filed a similar motion. See Practice Book § 25-24. On September 17, 2004, after a three day hearing at which extensive testimony was presented, the court issued a memorandum of decision granting both parties' motions and outlining financial orders.[2] The court ordered the following: "[T]he defendant [is] to continue to pay for all the [monthly] household expenses listed on his financial statement in the total amount of $32,928.98. In addition, he is to pay to the plaintiff the amount of $6000 per month in unallocated alimony and child support retroactive to the motion. The plaintiff is responsible for paying the expenses listed on her financial affidavit. The plaintiff is solely responsible for the credit debt on her two American Express cards."

On September 24, 2004, the plaintiff filed a motion for contempt pendente lite. She averred that the defendant, in wilful disregard of the court's September 17, 2004 order, had failed to make payments due under that order, both retroactively and prospectively. See General Statutes § 46b-87; Practice Book § 25-27. The plaintiff requested that the court find the defendant in contempt, and order him to pay the arrearage and her attorney's fees relative to the motion.

On September 27, 2004, the defendant filed what was captioned a motion to reargue although, in essence, it

[2] In its September 17, 2004 memorandum of decision, the court also addressed, and denied, four other motions filed by the parties. Specifically, each party had filed a motion for contempt as well as a motion for exclusive possession of one of the parties' residences.

also sought articulation or clarification of several aspects of the court's September 17, 2004 pendente lite order. The defendant sought to discern, inter alia, the date to which the order was retroactive, whether he could apply credits for various expenses that he had been paying against the amount that he owed the plaintiff and what assets he ought to liquidate in order to make the required support payments.[3]

A hearing on the parties' motions was held on November 10, 2004. It was established at the hearing that since the September 17, 2004 pendente lite order, the defendant had tendered to the plaintiff only $4000 of the approximately $24,000 to $30,000 owed. The defendant, when testifying, indicated that he believed that he was entitled to credits against the amount owed under the court's order. According to the defendant, he had made other payments to the plaintiff, or on her behalf, during the relevant time period that were not contemplated by the order, and he believed he could make offsets for those payments. The court precluded the defendant from testifying further as to the additional payments that he had made, finding that such testimony was irrelevant. It explained that the defendant could not arbitrarily withhold payments in violation of a court order and, if he believed that he was eligible for credits, he should have filed a motion in pursuit of them. See *Sablosky* v. *Sablosky*, 258 Conn. 713, 718–22, 784 A.2d 890 (2001) (discussing cases holding parties in contempt for unilaterally altering support orders instead of seeking modification from court).

[3] The court in its September 17, 2004 memorandum of decision had noted that the defendant had little current income and indicated that the parties needed "to liquidate assets to provide the cash flow necessary to meet their current obligations." It cited a provision of the rules of practice allowing for exceptions to the automatic orders that normally preclude parties from disposing of assets while a dissolution action is pending. See Practice Book § 25-5 (a) (1).

Thereafter, the defendant's counsel sought to elicit testimony from her client that when he failed to make the required payments, he did so in reliance on her legal advice.[4] The plaintiff's counsel objected to these questions as attempts to solicit hearsay, and the court sustained the objections.[5] During her closing remarks, the defendant's counsel argued that her client's noncompliance with the court's order was not wilful because in believing it proper to apply credits, "He relied on the advice of counsel. If counsel was wrong, counsel was wrong, and I apologize to the court. I thought, in fairness, he should get credit for the amounts that he had paid."

The court granted the plaintiff's motion for contempt, ordering that the defendant pay the plaintiff $22,645.20, which represented the arrearage due under the September 17, 2004 order, and awarding to the plaintiff attorney's fees and costs associated with the motion.[6] A written order issued on November 11, 2004, reflects these rulings. This appeal followed.

I

The defendant's first claim is that the court improperly found him in contempt because his failure to abide by the court's September 17, 2004 order was not wilful. We disagree.

"A finding of contempt is a question of fact, and our standard of review is to determine whether the court

[4] Specifically, the defendant's counsel asked the defendant, "Did anybody advise you that you could deduct from your support owed moneys that you had paid on behalf of [the plaintiff]?" and, "Did I advise you that you could—?"

[5] The court then called a brief recess and, when the hearing recommenced, the defendant's counsel asked the defendant: "By the court's memorandum of decision of September 17, 2004, was it your belief that you could deduct payments from your alimony that you made on behalf of [the plaintiff]?" The defendant answered in the affirmative.

[6] The court denied the defendant's motion to reargue.

abused its discretion in [finding] that the actions or inactions of the [party] were in contempt of a court order. To constitute contempt, a party's conduct must be wilful. . . . Noncompliance alone will not support a judgment of contempt." (Internal quotation marks omitted.) *Adams* v. *Adams*, 93 Conn. App. 423, 431, 890 A.2d 575 (2006).

"An order of the court must be obeyed until it has been modified or successfully challenged." (Internal quotation marks omitted.) *Eldridge* v. *Eldridge*, 244 Conn. 523, 530, 710 A.2d 757 (1998). In *Eldridge*, an alimony payor was found to be in contempt for engaging in "self help" rather than seeking a modification of the alimony order, specifically, for applying credits he believed he was owed against the amounts due under the order. Our Supreme Court held that the contempt finding was not an abuse of discretion, rejecting specifically the claim that the payor's belief that he was entitled to credits necessarily precluded a finding of wilfulness. Id., 528–29; see also *Sablosky* v. *Sablosky*, supra, 258 Conn. 721 (ambiguous order does not automatically preclude finding of wilfulness).

Similar circumstances are presented here. The defendant did not dispute that he failed to pay amounts due under the court's September 17, 2004 order. Rather, he testified that he believed that order permitted him to apply credits for amounts he had otherwise paid to the plaintiff. See footnote 5. Given the holdings of *Eldridge* and *Sablosky*, we cannot conclude that the court abused its discretion in finding the defendant's noncompliance wilful and, accordingly, finding him in contempt.

Although the defendant argues that in applying credits, he acted in reliance on his counsel's advice and, presumably, that that circumstance distinguishes this matter from *Eldridge* and *Sablosky*, we agree with the plaintiff that there was no competent evidence before

the court to establish that such was the case.[7] Specifically, although the defendant's counsel attempted to elicit testimony that the defendant was acting on her advice when he failed to make the payments required by the court's September 17, 2004 order, her attempts were unsuccessful due to the court's sustaining of opposing counsel's hearsay objections. The defendant's counsel did not raise any argument in response to the court's rulings, and the defendant does not claim on appeal that the court improperly excluded relevant evidence. In urging us to conclude that reliance on counsel's advice is a defense to contempt, the defendant expects this court to assume that he so relied. It would be wholly improper for us to anticipate, however, what the defendant's answers to his counsel's queries would have been absent objection and, further, to find those answers credible. See *Seymour* v. *Region One Board of Education*, 274 Conn. 92, 105, 874 A.2d 742 ("[i]t is the function of the trial court, not [an appellate] court, to find facts" [internal quotation marks omitted]), cert. denied, 546 U.S. 1016, 126 S. Ct. 659, 163 L. Ed. 2d 526 (2005). Simply put, the record lacks the evidentiary foundation necessary for our consideration of the defendant's argument.

The defendant essentially asks this court to consider his counsel's unanswered questions to him, and her statement to the court regarding her advice, to be sufficient evidence that he acted in reliance on that advice. This we cannot do. "Our Supreme Court and this court have repeatedly held that representations of counsel are not evidence." *Irizarry* v. *Irizarry*, 90 Conn. App. 340, 345, 876 A.2d 593 (2005); see also *Cologne* v. *West-*

---

[7] The plaintiff also argues that even if there was competent evidence of the defendant's reliance on counsel, the court was not obligated to credit it and, further, that the law does not recognize reliance on counsel's advice as an absolute defense to civil contempt. Because we agree with the plaintiff's claim that evidence of reliance on counsel's advice was lacking, we need not address her remaining arguments.

*farms Associates*, 197 Conn. 141, 153, 496 A.2d 476 (1985) (counsel's representations "are not 'evidence' and certainly not 'proof'"); *Constantine v. Schneider*, 49 Conn. App. 378, 397, 715 A.2d 772 (1998) ("[r]epresentations by counsel are not 'evidence' *upon which an appellate court can rely* when reviewing the findings of the trial court [emphasis in original; internal quotation marks omitted]). In sum, because the necessary evidentiary predicate is lacking, the defendant's first claim must fail.

## II

The defendant also claims that the court, sua sponte, should have informed him that his attorney had a conflict of interest such that different representation was necessary. He argues that the court should have taken "immediate action" once his counsel disclosed that she had advised him that he could apply credits to the amount owed under the court's September 17, 2004 order "so that [he] would have been notified of his right to have other counsel on this matter of contempt." Because the defendant has failed to brief this issue adequately in accordance with our rules of practice, we consider his claim abandoned.

The defendant's argument as to this issue is devoid of both legal analysis and citation to authorities. "[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failing to brief the issue properly. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Citation omitted; internal quotation marks omitted.) *Turner v. American Car Rental, Inc.*, 92 Conn. App. 123, 130–31, 884 A.2d 7 (2005).

We reject specifically the defendant's position, set forth emphatically in his reply brief, that it is not necessary to cite legal authorities in an appellate brief. See, e.g., *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 579, 877 A.2d 761 (2005) (declining to review petitioner's claim where he failed to identify applicable subsection of lengthy statute cited and to refer to any cases supporting his reading of statute); *Gilbert* v. *Beaver Dam Assn. of Stratford, Inc.*, 85 Conn. App. 663, 676, 858 A.2d 860 (2004) (declining to address claim where brief "fail[ed] to explain how the statute of frauds applies, fail[ed] to provide the law of this jurisdiction and fail[ed] to address the issue"), cert. denied, 272 Conn. 912, 866 A.2d 1283 (2005).

The judgment is affirmed.

In this opinion the other judges concurred.